UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 15-cr-40090-JPG

CHRISTOPHER L. DALLAS,

Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Christopher L. Dallas's motion for a free copy of the transcripts of his criminal proceedings from December 21, 2015 (initial appearance and arraignment), February 4, 2016 (bond review hearing), May 11, 2016 (change of plea hearing), and August 17, 2016 (sentencing) (Doc. 43). He says he needs these transcripts to prepare a motion under 28 U.S.C. § 2255. None of these transcripts have been prepared by the court reporter.

A defendant has a right to free transcripts under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent and (2) whether the transcripts are needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Dallas has not made the showing this Court requires before it will order transcripts to be prepared for him at the public's expense. First, he has failed to provide sufficient evidence that he

is indigent and cannot pay for the transcripts he requests.   He has submitted no documentation of the current status of his finances.   Therefore, he has failed to satisfy the first requirement.

Secondly, and more importantly, Dallas has no pending matter before this Court.   This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that transcripts are needed to decide the issue or issues presented by such a matter.   *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). If, at some point, the defendant should have an action pending before this Court, he may resubmit his request for free transcripts.   At such time, the defendant will have the burden to establish (1) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six-months), and (2) that the transcripts are needed to decide a pending non-frivolous motion.

For the foregoing reasons, the Court hereby **DENIES** the motion (Doc. 43).

**IT IS SO ORDERED.**
**DATED:   June 29, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**